IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Amazon Produce Network, L.L.C.** | : | **CIVIL ACTION** |
| **Mullica Hills, NJ** | : | |
| | : | |
| vs. | : | |
| | : | **NO.** |
| **NYK Line a/k/a NIPPON YUSEN KAISHA** | : | |
| **a/k/a NYK Line (North America) Inc.** | : | |
| **300 Lighting Way** | : | |
| **Secaucus, NJ 07094** | : | |

## COMPLAINT IN ADMIRALTY *IN REM AND IN PERSONAM*

### Parties

1. Plaintiff, Amazon Produce Network, L.L.C., is a corporation with offices and places of business located in Mullica Hills, New Jersey.

2. Plaintiff is a shipper and/or receiver/consignee of fruit who regularly imports its products on board ocean vessels arriving in the ports of Philadelphia.

3. Defendant, NYK Line a/k/a NIPPON YUSEN KAISHA a/k/a NYK Line (North America) Inc. ("NYK"), is on information and belief, a foreign corporation with an office and place of business located at 300 Lighting Way, Secaucus, NJ 07094. At all times material hereto, NYK was the owner, charterer and/or operator of the M/V HAMMONIA ROMA.

4. The vessel owned and/or operated by the above defendants has used the ports of the Commonwealth of Pennsylvania discharged and loaded cargo therein, been supplied services and handled therein and is subject to service of process under the applicable rules of law in admiralty practice and the statutes of the Commonwealth of Pennsylvania.

5. Plaintiff is a shipper, consignee or owner of the cargo described more further below, and brings this action on its own behalf and as agent and trustee on behalf of and for the

interests of all parties who may be or become interested in said shipment, and cargo as their respective interests may ultimately appear, and plaintiff is duly entitled to maintain this action.

## Jurisdiction and Venue

6. Plaintiff by and through its attorneys, Dugan, Brinkmann, Maginnis and Pace, hereby brings this suit against the defendant under the provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) and the supplemental Admiralty Rules of the Federal Rules of Civil Procedure.  In addition, jurisdiction is invoked pursuant to 28 U.S.C. §1377 as this is an action arising under an Act of Congress regulating commerce, specifically, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.* and the Harder Act of 1893, 46 U.S.C. §§190-196.

7. Venue lies within the Eastern District of Pennsylvania under the provisions of 28 U.S.C. §1391.

## COUNT I

8. In or about April of 2014, in Corinto, Nicaragua, 5,280 boxes of fresh mangoes consigned to plaintiff were delivered in good order and condition aboard the M/V HAMMONIA ROMA for transportation to the United States and delivered to the vessel in Corinto in like good order and condition.

9. In or about April of 2014, the aforesaid shipment was loaded aboard said vessel and clean on-board bill of lading numbered NYKS7300119341 for container numbered NYKU7014772 and was issued acknowledging receipt on the vessel of the said shipment in good order and condition.

10. Thereafter, various goods were delivered by the above named defendant to

plaintiff, whereupon it was discovered that plaintiff's goods were not in like good order and condition as when received aboard the M/V HAMMONIA ROMA, but were instead damaged, deteriorated in value and unfit for sale or use.

11. The aforesaid damage and loss of plaintiff's cargo was the result of breaches by the defendant of its obligations as a common carrier of goods, of breaches by it of the lawful terms and conditions of the bill of lading issued by it.

12. By reason of the breaches of the defendant of the lawful terms and conditions of the bill of lading issued by it and the breaches of the defendant and its obligations as a common carrier of goods, plaintiffs has sustained damage and loss in an amount in excess of Twelve Thousand Dollars ($12,000.00).

13. The aforesaid damage and/or loss of plaintiffs' cargo was caused by the unseaworthiness of the vessel and the negligence of the above-named defendant, its agents, servants and employees in:

    a. failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

    b. failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

    c. failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

    d. failing to use proper care under the circumstances;

    e. failing to provide the proper temperature; and

    f. other and further particulars which will be shown at the time of trial.

14. By reason of all of the above defendant's negligence and lack of due care and the failure of the defendant to provide a seaworthy place for the handling, stowage, carriage and discharge of plaintiff's goods and the lack of appropriate stowage aboard the said vessel plaintiff has suffered damages and loss in excess of Twelve Thousand Dollars ($12,000.00).

15. Notices of claim have been filed with the defendant, but it has failed and refused to pay all or any part of the loss which has been sustained by plaintiff.

16. All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, plaintiff prays that:

1. Process in the due form of law, according to the practice of this Court issue against the defendant inviting them to appear and answer all and singular the matters aforesaid.

2. If the defendant cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the Admiralty Rules in the amount of Twelve Thousand Dollars ($12,000.00).

3. Judgment be entered on behalf of plaintiff and against the defendant plus interest and costs of this action.

4. Plaintiff have such other and further relief in the premises and in law and justice as they may be entitled to receive.


DUGAN, BRINKMANN, MAGINNIS AND PACE


BY:       EM871
Eugene J. Maginnis, Jr., Esquire
1880 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA 19103
(215) 563-3500
ATTORNEY FOR PLAINTIFF

Dated: February 24, 2015